[Civ. No. 13022. First Dist., Div. Two. Aug. 29, 1946.]

JESSIE R. HENSLEY, Plaintiff and Appellant, v. ROBERT POPKIN, Defendant; FRED KUZNETZOFF, Defendant and Appellant; ALBERT GRAHAM, Respondent.

Alexander Riaboff, Fred Leve and Charles N. Douglas for Appellant.

A. Don Duncan for Respondent.

NOURSE, P. J.—Plaintiff sued in the superior court in Monterey County to quiet title to real property situated in that county. At the same time an action was pending in the superior court in the city and county of San Francisco for dissolution of a partnership between Hensley, Popkin and Graham. The defendant Kuznetzoff, claiming an interest through an assignment from Popkin, petitioned for leave to intervene in the suit pending in the city and county of San Francisco, but his petition was denied. He was joined as a defendant in the action brought in Monterey County as one claiming some adverse interest in the property. The trial court found that Hensley and Graham were each the owners of a one-half interest in the real property subject to certain prior liens and adverse claims which are not contested on the appeal. The plaintiff Hensley and the defendant Kuznetzoff appeal separately from the judgment and from the order denying their motions to tax costs. No presentation is made by either appellant in support of the second appeals, and for that reason they will both be deemed to be abandoned.

The facts are complicated because of the numerous cross-filings of the respective parties, but a detailed statement is not necessary because neither of the appellants makes any attack upon the findings of the trial court. On August 20, 1940, Hensley and Popkin entered into a partnership agreement reciting that Popkin had purchased the real property and pumping plant and machinery from Tidewater Associated Oil Company for $6,500; that Popkin and Hensley should share the profits on a fifty-fifty basis; all money coming in from the sale of the machinery located on the property should go to Hensley until he had received $2,500 which he agreed to advance for the purchase of the real property and the machinery. Popkin agreed to transfer the title to the property to Hensley until the latter had been reimbursed in full for the money he had put into the transaction.

On August 22, 1940, Popkin entered into an agreement with Kuznetzoff by which he assigned all his right and interest "in the following deals: . . . said deals representing eight (8) boilers." On the 22d of August Popkin and Kuznetzoff entered into an agreement of partnership "to carry out the

boiler deals'' mentioned in the foregoing assignment and to divide the profits therefrom equally between them.

On August 15, 1940, Graham filed a suit in the city and county of San Francisco against Popkin for breach of contract. In February, 1941, Popkin consented to a judgment being entered against him and execution and a charging order on Popkin's interests in the real property and partnership were issued. On May 29, 1942, a stipulation was entered into by Graham, Popkin and Hensley that an accounting should be had of the Hensley-Popkin partnership. On October 15, 1942, Popkin, Graham and Hensley entered into another stipulation dispensing with further partnership accounting and stipulating that through the partnership agreement of August 20, 1940, between Popkin and Hensley each party receive an equal one-half interest in the partnership property; that Hensley was entitled to be paid $2,475.02 and that Popkin was entitled to be paid $300.71 before the division of the partnership property would be made, and that the interest of Popkin was subject to a first lien through a charging order filed by Graham. It was also agreed that Popkin should promptly obtain from Kuznetzoff a cancellation of his assignment or that he would hold the other parties free from any claim of Kuznetzoff in the partnership. This stipulation was filed in proceeding No. 296850 pending in the superior court in San Francisco between Graham, Popkin and Hensley to determine the respective interests of the several parties in the property involved in the pending action.

On May 1, 1943, Popkin filed a suit against Kuznetzoff seeking a dissolution of their partnership. He alleged that they had entered into and formed a copartnership for the purpose of engaging ''in the purchase and sale of second hand boilers and similar merchandise.'' This allegation was admitted by Kuznetzoff in his answer. What disposition was made of that action does not appear.

On February 15, 1944, Graham under the execution and charging order sold Popkin's interest in the Hensley-Popkin partnership at public auction. The purchaser defaulted and on the second sale this interest was sold to Graham.

On May 14, 1945, the superior court in San Francisco in the action numbered 296850 entered its decree confirming the various stipulations and referee's reports filed therein and finally determined the interest of the respective parties in the Hensley-Popkin partnership based upon the stipulation of

the parties heretofore noted. The trial in the present action was held two days after the entry of this decree. Graham introduced the decree along with the complete file of the stipulations, proceedings and referee's reports. The only objection to the offer was made on behalf of Hensley that the file of the proceedings was hearsay as to him since he was not a party to the action. The trial court pointed out that he had become a party by intervening and overruled the objection. The ruling was sound and is not criticized at this time. Thereafter, the respondent offered in evidence the order of the trial court in San Francisco confirming and adopting the report of the referee. No objection was made to this offer by either party. Prior to the hearing on the appeals herein the decree of the San Francisco court became final.

On the evidence stated the trial court found that Graham succeeded to the interest of Popkin in the partnership of Hensley and Popkin; that they owned the real property jointly; that the land was subject to a first lien of the bank which held a trust deed, to a second lien in favor of Hensley for money he had advanced the partnership, to subordinate liens of others not involved in the litigation, and that the surplus should be divided equally between Hensley and Graham. It also held that Kuznetzoff had no interest in the real property in litigation. Neither appellant attacks these findings and it is patent that they are not subject to attack on any legal grounds. Both appellants rest their appeals on the single ground that it is unsupported by the evidence because it is based upon the decree of the superior court in San Francisco which was not final at the time the judgment herein was entered. The error of both appellants rests in the statement of their position. The judgment herein is not ''based'' on the decree of the San Francisco court; it is based upon the undisputed evidence of the interest or lack of interest of the respective parties in the realty involved and upon their stipulations and concessions. It is not necessary to cite or discuss the cases relating to the effect of a judgment which is not final at the time it is offered in evidence in another proceeding. That question is not involved here. ■ The record of the San Francisco proceeding was admissible under the provisions of subdivision 17 of section 1963, Code of Civil Procedure listing as one of the disputable presumptions: ''That a judicial record, when not conclusive, does still correctly determine or set forth the rights of the parties.'' Here the record con-

tained the stipulations of the parties to that proceeding, namely Hensley, Popkin and Graham agreeing that their respective interests in the Monterey property were precisely what the trial court found them to be on the evidence in this case. It contained the verified pleadings disclosing these respective claims. Hence the objection made on the behalf of Hensley that this record was hearsay and not binding evidence presents no legal obstacle to its admission in evidence and the objection was properly overruled. Therefore, we may overlook any portion of the finding of fact or conclusion of law which might have assumed the finality of the decree of the San Francisco court. If that case had not gone to judgment, the record of the stipulation would nevertheless be admissible to show the agreement of the parties as to their respective interests in this property.

The appeal of Kuznetzoff presents a different situation. He was not a party to the San Francisco proceeding. He sought leave to intervene in that action but his petition was denied. He was not a signer of the stipulation fixing the interest of Graham, Hensley and Popkin which was filed in the San Francisco proceeding. Findings adverse to his interest in the Monterey realty were not based upon this stipulation nor upon any part of the record in the San Francisco proceeding. Those findings were based upon the record evidence, the express admission by this appellant in his answer filed in *Popkin* v. *Kuznetzoff,* and the evidence in this case showing that he had at no time acquired any interest in the realty, but that his transactions with Popkin were confined to the purchase and sale of some of the machinery. But if the record in the San Francisco case had any binding effect for any part of the judgment adverse to this appellant he cannot now complain that it was improperly admitted because he made no objection to the offer of the record in evidence or to the admission of any part of it.

Neither appellant can now claim "reversible" error because the San Francisco decree became final before the submission of these appeals. But, if there were error, which we do not concede, it would be an idle act to reverse the cause for another trial since no other result could follow under the admitted facts appearing in this record.

The appeals from the order taxing costs are dismissed. The judgment is affirmed.

Goodell, J., and Dooling, J., concurred.